UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ROBERT WILLIS MCKINNEY,                                                             Plaintiff,

v.                                                                    Civil Action No. 3:17-cv-P543-DJH

KENTUCKY DEPT. OF CORRECTIONS *et al.*,                               Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Robert Willis McKinney initiated this *pro se* 42 U.S.C. § 1983 action. On January 29, 2018, the Court entered an Order directing Plaintiff to file a response to the motion to dismiss within 21 days of entry of the Order (Docket No. 27). However, the mailing was returned as undeliverable by the United States Postal Service (DN 29).

Upon filing the instant action, Plaintiff assumed the responsibility of keeping this Court advised of his current address and to actively litigate his claims. *See* LR 5.2(e) ("All pro se litigants must provide written notice of a change of residential address . . . to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). The Order Regarding Service and Scheduling Order warned Plaintiff that failure to notify the Clerk of Court of any address change may result in dismissal of this case (DN 9). Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal.").

Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Plaintiff apparently no longer resides at his address of record, and he has not advised the Court of a current address. Therefore, neither notices from this Court nor filings by Defendants in this action can be served on Plaintiff. Because Plaintiff has failed to comply with this Court's Local Rules and its prior Order by failing to provide written notice of a change of address, the Court concludes that this case must be dismissed for lack of prosecution. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address.").

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: March 20, 2019

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Counsel of record
4415.010

2